**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-CV-3082

FREEDOM MORTGAGE
CORPORATION,

      Plaintiff,

v.

PETER A. MATTHEWS,

      Defendant.

---

<u>COMPLAINT</u>

---

COMES NOW, Plaintiff Freedom Mortgage Corporation ("Freedom Mortgage"), for its Complaint against Defendant Peter A. Matthews ("Defendant"), states:

**THE PARTIES**

1.     Freedom Mortgage is a New Jersey Corporation, with its principal place of business located at 951 Yamato Road, Suite 175, Boca Raton, FL 33431-4444. It is therefore a citizen of New Jersey and Florida.

2.     Defendant is an individual and citizen of the State of Colorado, and can be served with process at 7256 W. 79th Drive, Arvada, Colorado.

DM1\301921165.1

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by virtue of complete diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district.

## FOR ITS FIRST CAUSE OF ACTION FOR RESCISSION, FREEDOM MORTGAGE ALLEGES AS FOLLOWS:

5.      On or about April 30, 2018, Eagle Home Mortgage, LLC and Defendant entered into a loan transaction, by which Eagle Home Mortgage, LLC lent to Defendant the sum of $298,800 (the "Loan").   The Loan was evidence by a Note and secured by a Mortgage in the name of Mortgage Electronic Registration Systems, in its capacity as nominee for Eagle Home Mortgage, LLC.  A true and correct copy of the Deed of Trust is attached hereto as Exhibit "A".

6.      The beneficiary interest in the Loan was transferred to Federal National Mortgage Association.  On July 1, 2018, the servicing rights under the loan were transferred to Freedom Mortgage.  A true and correct copy of the Servicing Transfer Notice is attached hereto as Exhibit "B".

7.      After the origination of the Loan, Defendant began to experience difficulties with his payment obligations under the Loan.  Therefore, on or about September 15, 2021, Freedom Mortgage offered Defendant a Loan Modification Agreement.

2

8.    The letter making the offer for a loan modification enclosed a form Loan Modification Agreement that is approved by the Federal National Mortgage Association. A true and correct copy of the letter and Loan Modification Agreement that was sent to the Defendant is attached hereto as Exhibit "C".

9.    The form Loan Modification Agreement contained the following provision in paragraph 2:

> 2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 2.875%, from September 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $1,089.58, beginning on the 1st day of October, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 2.875% will remain in effect until principal and interest are paid in full. If on September 1st, 2061, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

10.    However, Defendant, with the intent to hide and conceal from Freedom Mortgage, altered the terms of paragraph 2 of the Loan Modification Agreement by adding, in the exact same font and format, the following:

> 2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 2.875%, from September 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $1,089.58, beginning on the 1st day of October, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 2.875% will remain in effect until principal and interest are paid in full. If on September 1st, 2061, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
> Lender will immediately pay Borrower any unpaid outstanding debt regardless of status or rejection prior to this agreement. Due to Lender's egregious record of past errors and transgressions against Borrower, all errors, mistakes or negligence ("Grievances") by Lender will be corrected to the satisfaction of Borrower within 10 business days from written notice by Borrower. Failure to correct these within this time frame will result in $200 per hour charge for Borrower's time spent working with Lender to correct. If the Grievances are still not corrected within 20 business days after the initial 10 business days, this Agreement will be null and void

11.    After altering the Loan Modification Agreement, Defendant returned it to Freedom Mortgage.

12.    Freedom Mortgage did not notice that the Loan Modification Agreement was altered and mistakenly returned a countersigned Loan Modification Agreement to Defendant.  A true and correct copy of the altered and executed Loan Modification Agreement is attached hereto as Exhibit "D".

3

13.     Had Freedom Mortgage realized that the signed Loan Modification Agreement was altered, it would not have countersigned the Loan Modification Agreement.

14.     In or around February 2025, Freedom Mortgage first realized the altered payment, when Defendant demanded – pursuant to the altered terms -  $200 per hour for his time purported dedicated to correcting "errors, mistakes or negligence."

15.     At the same time that Defendant returned the altered Loan Modification Agreement, he also returned to Freedom Mortgage a signed Correction Agreement.  A true and correct copy of the Correction Agreement is attached hereto as Exhibit "E".

16.     The Correction Agreement provides, among other things, Defendant's agreement to replace and/or correct any Loan document if it is determined that the Loan document misstates or inaccurately reflects the terms of the Loan Modification Agreement within 10 days after a written request is provided to Defendant.

17.     The Correction Agreement also requires Defendant to cooperate and execute any additional documents in order to allow the Loan Modification Agreement to conform with and be acceptable to, *inter alia,* the Federal National Mortgage Association.

18.     On January 15, 2026, counsel for Freedom Mortgage wrote Defendant and requested Defendant to sign the Loan Modification Agreement in the same form as provided with the September 15, 2021 offer.  In the letter, Freedom Mortgage assured Defendant that Freedom Mortgage would honor the original terms of the Loan Modification Agreement if it was signed and returned before January 22, 2026.  As an

4

alternative to the signing of the Loan Modification Agreement, Freedom Mortgage allowed Defendant the option to rescind the acceptance of the Loan Modification Agreement and return to his pre-Loan Modification position.  A true and correct of counsel's letter is attached hereto as Exhibit "F".

19.    The signing of the altered Loan Modification Agreement by Freedom Mortgage is of such great consequence that to enforce the contracts as actually made would be unconscionable.

20.    The alteration relates to a material feature of the contract.

21.    The failure to notice the alteration was made notwithstanding the exercise of reasonable care by Freedom Mortgage.

22.    Allowing for rescission of the Loan Modification Agreement will not seriously prejudice Defendant, except for the loss of his bargain.

23.    Demand for rescission of the Loan Modification was made, but the demand has been specifically refused by Defendant.

WHEREFORE, for all the forgoing reasons, Freedom Mortgage pray for an Order: (i) declaring the Loan Modification Agreement rescinded unless Defendant signs the Loan Modification Agreement in the form originally presented to him; and (ii) such other and further relief as the Court finds equitable and just.

**FOR ITS SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT, FREEDOM MORTGAGE ALLEGES AS FOLLOWS:**

24.    Freedom Mortgage incorporates by reference its allegations above as though more fully set forth herein at length.

5

25.     The Loan Modification Agreement was signed by Freedom Mortgage as a result of the fraud and concealment of the terms by Defendant.

26.     As servicer, Freedom Mortgage would have had no authority to execute the Loan Modification Agreement in the altered form.

27.     In or around February 2025, Freedom Mortgage first realized that the Loan Modification Agreement was altered.

28.     In order to protect itself from Defendant signing an altered Loan Modification Agreement, Freedom Mortgage and Defendant entered into a Corrective Agreement.

29.     The terms of the Corrective Agreement require Defendant to cooperate with signing of documents that correct mistakes or items that would prevent the Loan Modification Agreement being accepted by Federal National Mortgage Association.

30.     Defendant refused to comply with the Corrective Agreement and otherwise engaged in bad faith conduct, by altering the Loan Modification Agreement.

31.     As a result of the failure to act and the bad faith conduct of Defendant, Freedom Mortgage maintains that it is entitled to an Order declaring the Loan Modification Agreement to be void, rescinded and without effect.

32.     Defendant, on the other hand, will claim the Loan Modification Agreement is binding on all parties.

33.     There exists an actual and justifiable between Freedom Mortgage and Defendant regarding the effectiveness of the Loan Modification Agreement.

6

**FOR ITS THIRD CAUSE OF ACTION FOR SPECIFIC PERFORMANCE, FREEDOM MORTGAGE ALLEGES AS FOLLOWS:**

34.    Freedom Mortgage incorporates by reference its allegations above as though more fully set forth herein at length.

35.    The Corrective Agreement is a valid, binding contract, with clear terms.

36.    Freedom Mortgage is ready, willing and able to modify the loan upon the terms of Loan Modification Agreement as originally proposed.

37.    Defendant has breached the terms of the Loan Modification Agreement and monetary damages are inadequate to provide a remedy to Freedom Mortgage.

38.    Freedom Mortgage is therefore, entitled to an Order: (i) compelling Defendant's compliance with the Corrective Agreement; or (ii) if Defendant fails to comply, an Order rendering the Loan Modification Agreement void.

**FOR ITS FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT (ALTERNATIVE RELIEF), FREEDOM MORTGAGE ALLEGES AS FOLLOWS:**

39.    Freedom Mortgage incorporates by reference its allegations above as though more fully set forth herein at length.

40.    As a direct and proximate result of Defendant's breach of the Corrective Agreement, Freedom Mortgage has suffered damages as a result of its obligations to Federal National Mortgage Association.

WHEREFORE, for all the forgoing reasons, Freedom Mortgage prays for an Order: (i) declaring the Loan Modification Agreement is void and without effect; (ii) compelling compliance with the Corrective Agreement; (iii) awarding damages for

Breach of Contract; and (iv) such other and further relief as the Court finds equitable and just.

Dated: July 10, 2026

Respectfully submitted,

*/s/ Chris J. Chasin*

Chris J. Chasin (48333)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone:   +1 312 499 6700
Facsimile:    +1 312 499 6701
Attorney for Plaintiff Freedom Mortgage
Corporation

8